UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH
CARE PLAN, OPERATING ENGINEERS' LOCAL
324 VACATION & HOLIDAY FUND, OPERATING
ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND,
OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP
FUND, and OPERATING ENGINEERS' LOCAL 324
DEFINED CONTRIBUTION PLAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

   Plaintiffs,

v.

SOLE CONSTRUCTION, INC., a Michigan
Corporation, and MARIO SARDO, individually,

   Defendants.

Case No.  19-cv-
Hon.

**DAVID J. SELWOCKI  (P51375)**
**JESSICA L. SCHUHRKE (P77561)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield MI  48075
(248) 746-0700
(248) 746-2760 fax
dselwocki@swappc.com
mhenzi@swappc.com
jschuhrke@swappc.com

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint

against Defendant, SOLE CONSTRUCTION, INC., and MARIO SARDO, individually, state as follows:

1.      Plaintiffs are the Trustees of the OPERATING ENGINEERS' LOCAL 324 PENSION FUND, OPERATING ENGINEERS' LOCAL 324 HEALTH CARE PLAN, OPERATING ENGINEERS' LOCAL 324 VACATION & HOLIDAY FUND, OPERATING ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND, OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP FUND, and OPERATING ENGINEERS' LOCAL 324 DEFINED CONTRIBUTION PLAN, (hereinafter referred to as "FUNDS").  The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the Township of Bloomfield, Oakland County, Michigan.

2.      Defendant SOLE CONSTRUCTION, INC., is a Michigan corporation with its principal offices in the State of Michigan (hereinafter "SOLE").

3.      Defendant MARIO SARDO (hereinafter "SARDO") is an individual who is the principal owner and officer of SOLE.  SARDO is responsible for running the day-to-day operations of SOLE and is responsible for all its decisions

pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4.     SARDO is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3).  SARDO is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5.     The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust.  The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 324, and 324-A Union of Operating Engineers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6.     At all times relevant hereto, Defendant SOLE was signatory to a Collective Bargaining Agreement with the Union.

7. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between SOLE and the Union, SOLE agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by SOLE, and covered by the Agreement.

9. That pursuant to the provisions of the CBA and the Plan and Trust documents of the FUNDS, contributions become vested plan assets on the date on which they are due.

10. That pursuant to the Collective Bargaining Agreements, Defendant SOLE is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

12. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to

determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.  Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

**COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145**

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, SOLE has failed and refused to permit an audit as requested, therefore violating the Collective Bargaining Agreement and the Plaintiff Funds' plan documents.

17. That despite numerous requests, the Defendants have failed and refused to provide the documents requested by Plaintiffs to perform the audit in this matter.

18. By the above described omissions and breaches of the Collective Bargaining Agreement by SOLE, the Trustees of the FUNDS have been prevented from discharging their duties as permitted by the parties' CBA and the associated

trust documents including the policy and procedures for each of the FUNDS.

19. That SOLE refusal to permit an audit has prevented the Trustees of the FUNDS from determining whether SOLE owes fringe benefit contributions. If such contributions are owed, SOLE'S refusal to permit an audit has prevented the Trustees of the FUNDS from taking necessary steps to collect those contributions.

20. That in the event the audit reveals that SOLE owes fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

21. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

- B. Enter an Order that SOLE CONSTRUCTION, INC., open its books and records for a complete payroll audit;

C.  Enter a Judgment in favor of Plaintiffs against Defendants SOLE CONSTRUCTION, INC., and MARIO SARDO, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs mandated by 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D.  Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.  Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of Mario Sardo

22. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 21 above as though fully set forth herein.

23. SARDO is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

24. By engaging in the acts and omissions described, SARDO has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

25. SARDO is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that SOLE CONSTRUCTION, INC., open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants SOLE CONSTRUCTION, INC., and MARIO SARDO, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs mandated by 29 USC §1132(g)(2), and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD,
 ASHER & PATTON, P.C.**

s/David J. Selwocki
Attorney for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI  48075
(248) 746-0700
dselwocki@swappc.com
P51375

Dated: January 4, 2019

W2247928.DOC/A56-117351